1 | **NICOLAS V. VIETH**
Bar Nos. ID 8166 / WA 34196

2 | Vieth Law Offices, Chtd.
912 East Sherman Avenue

3 | Coeur d' Alene   ID   83814
Telephone:   208.664.9494

4 | Facsimile:   208.664.9448
Email:  nick@viethlaw.com

5 |

Attorney for Defendant - Jese David Carillo Casillas

6 |

7 | **UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

8 | **(The Honorable Edward F. Shea)**

9 |

**UNITED STATES OF AMERICA,**          )

10 |                                                  )   **CASE NO. CR-15-06049-EFS-2**

**Plaintiff,**          )

11 |                                                  )

**vs.**                                            )   **NOTICE OF INTENT TO**

12 |                                                  )   **PLEAD GUILTY**

**JESE DAVID CARILLO CASILLAS,** )

13 |                                                  )   *With Oral Argument*

**Defendant.**          )   **Friday, August 24, 2018**

14 |                                                  )   **at 11:00 a.m.**

                                                   )

15 | _____  )

16 |

17 |          COMES NOW, the Defendant, Jese David Carillo Casillas, by and through

his counsel of record, Nicolas V. Vieth of Vieth Law Offices, Chtd., hereby

18 |

19 |

20 | NOTICE OF INTENT TO PLEAD GUILTY- 1

---

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 2 4 2018

SEAN F. McAVOY, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

1  submits this notice that he intends to enter a plea of guilty to Counts 1 and 2 of

2  the Second Superseding Indictment dated December 06, 2016, charging him with

3  Conspiracy to Distribute 500 Grams or More of a Mixture or Substance

4  Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of

5  Cocaine, 1 Kilogram or More of Heroin and 400 Grams or More of N-phenyl-N

6  Propanamide, in violation of 21 U.S.C. § 841 (a)(1),(b)(1)(A)(i), (ii)(I) and (vi);

7  all in violation of 21 U.S.C. § 846, Count 1; and Conspiracy to Commit Money

8  Laundering, in violation of 18 U.S.C. § 1956 (a)(1), (a)(2) and (h), Count 2. *See*

9  ECF 108.

10      Mr. Casillas intends to plead without a plea agreement.  Mr. Casillas also

11  submits the following outline of his understanding of the charge, penalties,

12  waivers, offense elements, and facts.

13  **I.    Guilty Plea and Maximum Statutory Penalties**

14      Defendant understands that the charge contained in Count One is a Class

15  A felony charge where the maximum statutory penalty is not less than 10 years

16  imprisonment, which is non-suspendable and non-parolable, and a maximum

17  possible penalty of life imprisonment; a fine not to exceed $10,000,000; a term

18  ///

19

20  **NOTICE OF INTENT TO PLEAD GUILTY- 2**

1 | of supervised release not less than 5 years up to a life term; denial of certain

2 | federal benefits; and a $100 special penalty assessment.

3 |      Defendant understands that the charge contained in Count Two is a Class

4 | B felony charge where the maximum statutory penalty is a term of imprisonment

5 | of not more than 20 years imprisonment; a fine up to $500,000 or two times the

6 | amount of money laundered; a term of supervised release of not more than 3

7 | years; and a $100 special penalty assessment.

8 |      Defendant further understands that a violation of a condition of supervised

9 | release carries an additional penalty of re-imprisonment for all or part of the term

10 | of supervised release without credit for time previously served on post-release

11 | supervision.

12 | **II.    Denial of Federal Benefits**

13 |      The Defendant understands that by entering these pleas of guilty

14 | Defendant is no longer eligible for assistance under any state program funded

15 | under part A of title IV of the Social Security Act (concerning Temporary

16 | Assistance for Needy Families) or benefits under the food stamp program or any

17 | state program carried out under the Food Stamp Act. 21 U.S.C. § 862a.  Further,

18 | the Court may deny Defendant's eligibility to any grant, contract, loan,

19 |

20 | **NOTICE OF INTENT TO PLEAD GUILTY- 3**

1 professional license, or commercial license provided by an agency of the United

2 States or by appropriated funds of the United States. 21 U.S.C. § 862.

3 **III.    Waiver of Rights**

4     The Defendant, Jese David Carillo Casillas, understands that by entering

5 this plea of guilty to the offenses charged in the Second Superseding Indictment,

6 he is knowingly and voluntarily waiving certain constitutional rights, including:

7     (1) the right to a jury trial;

8     (2) the right to confront witnesses who would testify against him at trial;

9     (3) the right to remain silent;

10     (4) the right to testify at trial; and

11     (5) the right to compel witnesses to testify on his behalf during a trial.

12     While the Defendant is waiving certain constitutional rights, the

13 Defendant understands the Defendant retains the right to be assisted through

14 sentencing and any direct appeal of the conviction and sentence by an attorney,

15 who will be appointed at no cost if the Defendant cannot afford to hire an

16 attorney.  The Defendant also acknowledges that any pretrial motions currently

17 pending before the Court are waived.

18 ///

19

20 **NOTICE OF INTENT TO PLEAD GUILTY- 4**

## IV.    Elements of the Offense

(a)    Count 1:

The Defendant agrees that, in order to convict Defendant of Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin and 400 Grams or More of N-phenyl-N-Propanamide, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(A)(I), (ii)(I), (vi) and (viii); all in violation of 21 U.S.C. § 846, the United States would have to prove the following elements beyond a reasonable doubt:

*First*,  beginning on a date unknown, but by on or about January 2010 continuing until on or about December 6, 2016, the Defendant, JESE DAVID CARILLO CASILLAS, in the Eastern District of Washington, entered into an agreement with one or more persons to commit the crime of distribution of Methamphetamine and/or Cocaine and/or Heroin and/or N-phenyl-N-Propanamide (Fentanyl) as charged in the Second Superseding Indictment;

*Second*, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

///

NOTICE OF INTENT TO PLEAD GUILTY- 5

1    *Third*, the agreement to distribute involved more than 500 grams of a

2    mixture or substance containing a detectable amount of Methamphetamine, 5

3    kilograms or more of Cocaine, 1 kilogram or more of Heroin and 400 grams or

4    more of N-phenyl-N-Propanamide and would be reasonably foreseeable to a

5    member of the conspiracy.

6       (b)    Count 2:

7       The Defendant agrees that in order to convict Defendant of Conspiracy to

8    Commit Money Laundering, in violation of 18 U.S.C. § 1956 (a)(1), (a)(2) and

9    (h), the United States would have to prove beyond a reasonable doubt the

10   following elements:

11      *First*, beginning on a date unknown but by on or about January 2010 and

12   continuing until August 2016, in the Eastern District of Washington and

13   elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, entered into an

14   agreement with one or more persons to commit the crime of Money Laundering

15   in violation of 18 U.S.C. § 1956 (a)(1) and (a)(2), as charged in the Second

16   Superseding Indictment; and

17      *Second*, the Defendant became a member of the conspiracy knowing of at

18   least one of its objects and intending to help accomplish it.

19

20   **NOTICE OF INTENT TO PLEAD GUILTY- 6**

1   The elements of Money Laundering, in violation of 18 U.S.C. §

2   1956(a)(1)(B) are as follows:

3   *First*, the Defendant conducted or caused to be conducted a financial

4   transaction involving property that represented proceeds of the Conspiracy to

5   and Distribution of Controlled Substances;

6   *Second*, the Defendant knew that the property represented proceeds of

7   some form of unlawful activity; and

8   *Third*, the Defendant knew that the transaction was designed in whole or

9   in part to disguise the nature, location, source, ownership or control of the

10   proceeds with the intent to promote the specified unlawful activity.

11   The elements of International Money Laundering, in violation of 18

12   U.S.C. § 1956(a)(2) are as follows:

13   *First*, the Defendant knowingly transferred or caused to be transferred

14   money from a place outside the United States to a place inside the United States;

15   and

16   *Second*, the Defendant acted with the intent to promote the conspiracy to

17   and distribution of controlled substances.

18   *///*

19

20   **NOTICE OF INTENT TO PLEAD GUILTY- 7**

## V.    Factual Basis

Defendant, JESE DAVID CARILLO CASILLAS, agrees that the following facts are accurate and that the United States could prove these fact beyond a reasonable doubt at trial.

In April of 2015, the Federal Bureau of Investigation (FBI) was investigating the Ivan Hernandez Calvillo drug trafficking organization. The Defendant was first identified as working with this drug trafficking organization at that time.

During this same time frame, members of the Boston Drug Enforcement Agency (DEA) were conducting a parallel investigation into the money laundering activities of the Calvillo drug trafficking organization. The DEA successfully placed an undercover agent into the money-laundering activity. The basic purpose the DEA undercover (hereinafter "UC") agent filled for the organization was his ability to accept Canadian cash, deposit it, wash it electronically through his business, and then wire U.S. currency out in smaller deposits to both Mexico and the United States. The DEA UC would charge a commission or percentage for the washed cash. He would then report to

///

NOTICE OF INTENT TO PLEAD GUILTY- 8

1  Calvillo, and later the Defendant, as to the remaining amount available for wire

2  transfer.

3      In approximately August of 2015, the Defendant began communicating

4  with a DEA undercover agent through several face-to-face meetings and Whats

5  App communications. The Defendant was introduced to the DEA UC as an

6  associate of Calvillo.

7      On December 2, 2015, a money drop was arranged by Calvillo with the

8  DEA UC. The money drop arrangements resulted in a Royal Canadian Mounted

9  Police (RCMP) UC receiving $25,000.00 in Canadian currency from a co-

10 defendant in Langley, British Columbia. On December 8 and 9, 2015, the

11 Defendant received two wire transfers from these funds totaling $6689.14 into

12 his Wells Fargo checking account.

13     Calvillo was murdered in Mexico on December 13, 2015. After Calvillo's

14 death, the Defendant began communications with the DEA UC regarding money

15 laundering and additional drug transactions.

16     On January 6, 2016, investigators were watching the pole camera placed at

17

18 the Defendant's residence in Kennewick, Washington. Investigators observed

19 co-defendant Juvenal Landa at the residence. They observed him load a large

20 **NOTICE OF INTENT TO PLEAD GUILTY- 9**

1  bag into a Jeep.  Officers initiated a traffic stop of the Jeep.  A law enforcement

2  canine alerted ~~positive~~ _did not_ for the presence of narcotics in the vehicle.  After

3  obtaining a state search warrant, the bag observed by investigators was recovered

4  from inside the vehicle.  The bag seized from Landa contained 904 grams of

5  methamphetamine which tested at 100% purity.  Both Landa's and Casillas'

6  fingerprints were located on the methamphetamine packaging material.

7       On March 1, 2016, the Defendant arranged a money drop in Canada with

8  the DEA UC.  The money drop transaction resulted in a RCMP UC receiving

9  $46,950.00 in Canadian currency and $7000.00 in U.S. currency from a co-

10  defendant.  The Defendant then directed the DEA UC where to wire the clean

11  money.  Funds were then wired to co-defendants Julio Cesar Rosales and

12  Salvador Gudino Chavez.

13       In April of 2016, the Defendant arranged with the DEA UC for a large

14  cash money drop in New York.  The Defendant arranged for the majority of the

15  cash to be hand-delivered, not wired, to co-defendant Julio Cesar Rosales.  At

16  the Defendant's direction, $264,990.00 in U.S. currency was hand delivered by

17  an unknown male to a UC in New York on April 8, 2016.  Absent the agreed

18  upon commission for laundering the money, $244,240.00 was hand-delivered by

19

20  **NOTICE OF INTENT TO PLEAD GUILTY- 10**

a UC to co-defendant Rosales in Los Angeles on April 13, 2016. Shortly thereafter, a traffic stop was initiated and the cash was seized from Rosales by law enforcement. The remaining balance from that cash drop ($7759.00) was wired to various bank accounts at the Defendant's instruction prior to delivery and seizure of the funds.

On May 17, 2016, the Defendant delivered 975.5 grams of methamphetamine to the DEA UC at a predetermined location near Seattle, Washington. The methamphetamine tested at 99% purity.

On May 18, 2016, at the direction of the Defendant, the DEA UC wired $3000.00 to Brittney Zaragoza in Kennewick, Washington as partial payment for the methamphetamine delivered the prior day.

On May 26, 2016, the Defendant arranged for a money drop in Canada with the DEA UC. As a result, $225,070.00 in Canadian currency was delivered to a RCMP UC. The Defendant then directed the DEA UC to hand-deliver $129,735.00 to an uncharged co-conspirator in Los Angeles. The Defendant also directed $3000.00 to be wired to Brittney Zaragoza.

On June 28, 2016, the Defendant arranged with the DEA UC for a money drop in Canada. As a result of these arrangements, a co-defendant delivered

NOTICE OF INTENT TO PLEAD GUILTY- 11

$143,145.00 in Canadian currency to a RCMP UC. The Defendant then directed the DEA UC to wire a portion of the funds to various accounts in Pasco, Washington.

Between May and July 2016, the Defendant and the DEA UC discussed the purchase and delivery of 12 kilograms of heroin. On August 15, 2016, the Defendant arranged for and participated in the delivery of the 12 kilograms of heroin to the DEA UC near Seattle, Washington. On that date, the Defendant and co-defendant Figueroa traveled from the Defendant's residence to a location near Seattle, Washington. The Defendant advised the DEA UC that he was on the way and asked how to contact the individual taking delivery. The Defendant and Figueroa went to the designated location. Figueroa met the UC and provided a black duffel bag to the UC. Agents conducting surveillance observed the Defendant watching the transaction in a separate vehicle.

The black duffle bag contained 12 blocks that weighed approximately 1 kilogram each. The DEA lab later confirmed that 2 of the kilograms contained waste from the manufacture of heroin and Fentanyl. The remaining 10 kilograms contained over 650 grams of Fentanyl. Heroin was also present in small quantities.

NOTICE OF INTENT TO PLEAD GUILTY- 12

On August 17, 2016, agents executed a search warrant at the Defendant's residence in Kennewick, Washington.  Inside the Defendant's bedroom agents located a loaded Colt .45 caliber handgun under the Defendant's pillow, cellular telephones and a computer.  In the kitchen area agents located two additional cellular phones, approximately $2000.00 in U.S. currency, some Canadian currency, and a shirt that the Defendant was observed wearing during the recent heroin transaction.

The Defendant's phones were searched pursuant to search warrants.  The phones contained pertinent text messages, relevant saved images, and confirmed connectivity between the Defendant and several co-defendants.

According to bank records, from the seven (7) money laundering transactions which totaled $955,763.00 the Defendant received a total amount of $14,689.00.

## VI.    Guideline Range and Criminal History Score

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.  Defendant also understands pursuant to *United States v.*

NOTICE OF INTENT TO PLEAD GUILTY- 13

1 *Booker*, 543 U.S. 220 (2005), that this Court is required to consider the factors

2 set forth in 18 U.S.C. § 3553(a), and impose a sentence sufficient, but not greater

3 than necessary.

4       (a)    Acceptance of Responsibility:

5            Under §3E1.1 because the Defendant has demonstrated acceptance

6 of responsibility for this offense and has timely notified the Government, a three

7 (3) level reduction should be applied.

8       (b)    Criminal History:

9       The Defendant understands that the Defendant's criminal history

10 computation will be determined by the Court after review of the Presentence

11 Investigation Report.

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19

20 **NOTICE OF INTENT TO PLEAD GUILTY- 14**

## VII.  Conclusion and Signatures

For all the above, it is requested that this Court accept the Defendant's

plea, knowingly and voluntarily entered, order a Presentence Report to be

prepared by United States Probation and set a date for sentencing.

DATED this 16th day of August, 2018.

VIETH LAW OFFICES, CHTD.


/s/ Nicolas V. Vieth                                    *Jesé D Casillas C.

NICOLAS V. VIETH                          JESE D. CARILLO CASILLAS
Attorney for Defendant Casillas           Defendant

**NOTICE OF INTENT TO PLEAD GUILTY- 15**